IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD ANTHONY WILFORD, | | No. 4:25-CV-01928 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| WARDEN OF FPC-SCHUYLKILL, | | |
| Respondent. | | |

MEMORANDUM OPINION

JUNE 24, 2026

Richard Anthony Wilford filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Federal Prison Camp, Schuylkill, in Minersville, Pennsylvania.[1]  He asserts that the Federal Bureau of Prisons (BOP) is refusing to properly calculate and apply time credits under the First Step Act of 2018 (FSA)[2] toward time in prerelease custody.  For the following reasons, the Court must dismiss Wilford's Section 2241 petition.

I.    BACKGROUND

In October 2025, Wilford lodged the instant Section 2241 petition.[3]  He alleges that BOP officials have failed to apply 540 "projected" FSA time credits—that he purportedly would continue to earn while in prerelease custody—to

---

[1]    Wilford is currently incarcerated in FCI Milan in Milan, Michigan.  *See* Doc. 18.
[2]    Pub. L. 115-391, 132 Stat. 5194 (2018).
[3]    *See generally* Doc. 1.

calculate an earlier placement in home confinement or a residential reentry center.[4]

He claims that by "cutting off credits" after his current projected date of placement

in prerelease custody, the BOP's conduct "directly conflicts" with the FSA.[5]  He

asks the Court to order the BOP to apply all FSA credits he has earned to date and

will allegedly earn in the future while in prerelease custody from July 26, 2027, to

his release date on August 4, 2030, and "direct immediate transfer to prerelease

custody" if the recalculation of his FSA credits "establishes current eligibility."[6]

According to the most recent FSA time credit assessment provided to the

Court, as of November 27, 2025, Wilford had accrued 1,170 FSA credits.[7]  The

BOP has applied 365 FSA credits toward early release—the maximum allowed by

statute—resulting in an FSA release date of August 4, 2030.[8]  Wilford does not

dispute that he has reached the statutory ceiling for FSA credits applied toward

early release.[9]  The remaining 805 FSA time credits are applicable to prerelease

custody placement.[10]  That gravamen of Wilford's Section 2241 petition is that he

believes he should have 540 more FSA time credits applied toward placement in

prerelease custody.

---

[4]    *See id.* at 6.
[5]    *See id.* at 2.
[6]    *See id.* at 8.
[7]    *See* Doc. 10-5 at 2.  It is possible (and indeed likely) that Wilford has earned additional FSA time credits since this last assessment.  Nevertheless, any additional time credits earned would have no effect on the outcome of this petition.
[8]    *See id.* at 6; 18 U.S.C. § 3624(g)(3).
[9]    *See* Doc. 1 at 2.
[10]   *See* Doc. 10-5 at 2.

2

Following Respondent's answer[11] to his Section 2241 petition, Wilford did not file a traverse, despite the Court extending the filing deadline until April 17, 2026.[12]  That deadline has long since passed, so Wilford's habeas petition is ripe for disposition.

## II.    DISCUSSION

Wilford argues that the BOP is allegedly cutting off accrual of FSA time credits at his projected date of placement in prerelease custody (*i.e.*, July 26, 2027). He claims that he will continue to earn FSA time credits from the time he is placed in prerelease custody until his release date in August 2030, and that he should be credited—in advance—for those time credits, thus creating an earlier placement in prerelease custody.

Respondent counters that Wilford's FSA claim must be dismissed because he failed to exhaust administrative remedies.  Respondent alternatively contends that Wilford's claim fails on the merits.

The Court need not, and indeed cannot, reach the merits of Wilford's novel FSA argument.  Because he has reached the statutory maximum number of FSA credits applicable to early release, his claim deals only with potentially earlier transfer to prerelease custody.  That type of claim, however, is not cognizable on

---

[11]    Doc. 10.
[12]    *See* Doc. 16 at 2 ¶ 1.

3

habeas review in this circuit.  The Court, therefore, must dismiss Wilford's Section 2241 petition for lack of habeas jurisdiction.

The core of habeas corpus usually involves a challenge to the fact or duration of confinement.[13]  In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that— in addition to the fact or duration of confinement—prisoners may also challenge the "execution" of their sentences via a petition under 28 U.S.C. § 2241.[14]

Following *Woodall*, however, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner.  Even the *Woodall* panel acknowledged that the precise meaning of this phrase is "hazy."[15]

In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the court of appeals clarified the jurisdictional boundaries for execution-of-sentence habeas challenges in this circuit.  The *Cardona* panel first reviewed *Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-sentence habeas petitions and had determined that the claims presented therein were cognizable under Section 2241.[16]

From these two decisions, the *Cardona* panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner

---

[13]  *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 500 (1973).
[14]  *See Woodall*, 432 F.3d at 241-44.
[15]  *Id.* at 242.
[16]  *See Cardona*, 681 F.3d at 536-37.

was challenging the "carrying out" or "put[ting] into effect" of their sentencing order.[17]  As the Third Circuit explained, the reason the petitioners in *Woodall* and *McGee* could seek review under Section 2241 of the execution of their sentences was because both petitions "challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment."[18]  The *Cardona* panel thus held, "In order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."[19]  There, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition.[20]

The same is true for Wilford's Section 2241 petition.  He has not alleged, much less established, that the BOP's conduct regarding prerelease custody is inconsistent with an express command or recommendation in his judgment of sentence.  Indeed, there is nothing in Wilford's sentencing judgments discussing or even alluding to prerelease custody.[21]  Accordingly, his petition does not properly challenge the "execution" of his sentence—as that term of art has been refined by

---

[17]  *See id.*
[18]  *Id.* at 536.
[19]  *Id.* at 537.
[20]  *See id.* at 537, 538.
[21]  *See United States v. Wilford*, 1:11-cr-258-2, Doc. 354 (D. Md. Aug. 12, 2014) (judgment); *id.*, Doc. 443 (D. Md. Feb. 17, 2016) (first amended judgment); *id.*, Doc. 686 (D. Md. July 7, 2022) (second amended judgment).

*Cardona v. Bledsoe*—so this Court has no jurisdiction to consider his habeas claim.[22]

The Court is aware that circuit precedent regarding habeas jurisdiction for execution-of-sentence challenges is not entirely cohesive.  As the Honorable Julia K. Munley has recently set forth in exhaustive detail, there are multiple decisions (both precedential and nonprecedential) within the circuit regarding jurisdiction for execution-of-sentence habeas claims that appear to provide conflicting guidance.[23]

Nevertheless, the Court agrees that despite the "seemingly contradictory nature" of these decisions, *Cardona v. Bledsoe* "delineate[s] the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit."[24]  And under *Cardona*'s "rigid" jurisdictional boundaries,[25] Wilford's habeas challenge is not cognizable.  Therefore, his Section 2241 petition must be dismissed for lack of habeas jurisdiction.  The Court offers no opinion regarding the availability of other potential avenues of review for Wilford's First Step Act claim involving prerelease custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.[26]

---

[22]  *See Cardona*, 681 F.3d at 537, 538.

[23]  *See Miles v. Arviza*, No. 3:24-cv-2252, 2025 WL 981870, at *3-4 (M.D. Pa. Apr. 1, 2025) (Munley, J.).

[24]  *Id.*, at *4.

[25]  *Id.*

[26]  In *Romano v. Warden*, 779 F. Supp. 3d 498 (D.N.J. 2025) (O'Hearn, J.), the United States District Court for the District of New Jersey reached a similar conclusion regarding *Cardona v. Bledsoe*'s strict jurisdictional limits for execution-of-sentence claims raised in Section 2241 petitions.  There, Judge O'Hearn noted that the BOP's sudden revocation of the petitioner's

## III.  CONCLUSION

Wilford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which asserts a challenge under the FSA regarding time in prerelease custody—but *does not* allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his judgment of sentence—fails to meet the stringent jurisdictional requirements set forth in *Cardona v. Bledsoe*.  The Court, therefore, must dismiss Wilford's Section 2241 petition for lack of habeas jurisdiction.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

placement on home confinement, which appeared to have been "unfair, unjust, and done without any process," thus raising "serious concerns" for the district court, still could not create habeas jurisdiction where it was lacking. *See Romano*, 779 F. Supp. 3d at 506 n.11, 508. Judge O'Hearn further explained, however, that "if § 2241 does not provide jurisdiction over placement decisions under Third Circuit law, a petitioner in Mr. Romano's position is left without any forum to vindicate a serious constitutional wrong.  In that respect, the Second Circuit's approach, which allows for habeas relief in such circumstances, appears more faithful to the animating principles of the Suspension Clause.  Perhaps the Third Circuit will reconsider or modify its approach under the facts of this case." *Id.* at 506 n.11.  The petitioner in *Romano* has appealed, and his appeal remains pending in the Third Circuit.  *See generally Romano v. Warden*, No. 25-1876 (3d Cir. May 8, 2025).  Therefore, it is possible that the Third Circuit will oblige Judge O'Hearn (and numerous habeas petitioners seeking transfer to prerelease custody under the FSA) and "reconsider or modify" its jurisdictional holding in *Cardona v. Bledsoe*.  Until such time, this Court remains bound by *Cardona* and its strict jurisdictional limits on execution-of-sentence claims in Section 2241 petitions.